UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 17-cr-203-pp

DONQUELL FRANKLIN,

    Defendant.

**ORDER REQUIRING PARTIES TO FILE STATUS REPORT
AND EXCLUDING TIME**

On April 1, 2019, the parties filed a joint status report, indicating that they continue to negotiate a resolution and that they do not anticipate going to trial. Dkt. No. 37. They asked the court to give them a bit more time to complete their negotiations; they suggested that the court give them a deadline of May 10, 2019 by which to either file another status report or file an executed plea agreement. The court finds that suggestion reasonable and will adopt it.

The court notes, however, that the parties concluded by asking that if the court adopted their suggestion, "this time (and time previously requested) be excluded from the Speedy Trial calculation." Id. The court writes this order, rather than its usual text-only order, because the parties appear to believe that they have asked the court to exclude time under the Speedy Trial Act in previous submissions, and that the court has not ruled on those requests. This is not the case. The case was transferred from the magistrate judge to this court on April 11, 2018; at the April 26, 2018 status conference, the parties

1

asked the court to exclude the time between that date and June 21, 2018, and the court did so. Dkt. No. 18. At the June 21, 2018 status conference, the parties again asked the court to exclude time, and it excluded the time between June 21, 2108 and August 7, 2018. Dkt. No. 20. At the August 7, 2018 hearing, however, the parties did not ask the court to exclude time. Dkt. No. 22. Since then, the parties have filed five status reports (excluding this April 1, 2019 report); none of those reports asked the court to exclude time. Dkt. Nos. 24, 28, 31, 33, 35.

The court will exclude the time between this most recent April 1, 2019 status report and the next deadline, but there are no other outstanding requests to exclude time upon which the court has not ruled.

The court **ORDERS** that by the end of the day on May 10, 2019, the parties must either file an executed plea agreement (in which case the court's staff will schedule a date for a change-of-plea hearing) or a joint status report, advising the court whether they need more time (and if so, how much) or whether they need dates for a final pretrial conference and a trial (in which case, the court will calendar a scheduling conference). The court **ORDERS** that the time between April 1, 2019 and May 10, 2019 is **EXCLUDED** from the Speedy Trial calculation under 18 U.S.C. §§3161(h)(7)(A) and (h)(7)(B)(iv), because the ends of justice outweigh the interests of the public and the parties in a speedy trial, and because failure to do so would unreasonably deny the

parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Dated in Milwaukee, Wisconsin this 11th day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**